UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRIAN K. BAGLEY,

Petitioner,

-vs-

STACIE BENNETT,

Respondent.

---

DECISION and ORDER

23-CV-6284 CJS

INTRODUCTION

Brian Bagley ("Petitioner" or "Bagley"), proceeding *pro se*, brought this action pursuant to 28 U.S.C. § 2254 to challenge his conviction, following a jury trial, in New York State Supreme Court, Ontario County, of various crimes, including Predatory Sexual Assault Against a Child and Rape in the Second Degree, for which he received a sentence of 36 years to life in prison. Now before the Court are the following motions: 1) a motion by Petitioner for appointment of counsel (ECF No. 2); 2) a motion by Petitioner for a hearing and for appointment of counsel (ECF No. 5); 3) a motion by Respondent for a stay of this action (ECF No. 6); and a motion by Respondent for an extension of time to file an answer (ECF No. 8).

BACKGROUND

On May 24, 2023, Petitioner filed this action. The Petition asserts the following grounds for relief: 1) the trial court interfered with Petitioner's right to counsel; 2) Petitioner did not voluntarily consent to the taking of his DNA; 3) the trial court's jury charge was misleading and improper; 4) the convictions are not supported by legally sufficient

evidence and are contrary to the evidence; 5) ineffective assistance of counsel; 6) denial of due process based on prosecutorial misconduct; 7) denial of due process based on trial court's consideration of an extraneous act; and 8) unduly harsh sentence.

On May 24, 2023, simultaneously with the filing of the Petition, Petitioner filed a motion for appointment of counsel. (ECF No. 2). The application essentially maintains that appointment of counsel is required since the case is "very complex." In that regard, Petitioner refers primarily to the fact that his convictions were obtained in part based on DNA evidence, and that there was an issue of "cross-contamination." Petitioner further alleges that the case is complex since some evidence in the case, such as text messages, was fabricated. Petitioner also indicates that he is hearing impaired. Finally, Petitioner asserts that because he is indigent, the Court "must" appoint him counsel under 18 U.S.C. § 3006A.

On May 30, 2023, the Court issued a Scheduling Order (ECF No. 3) that, in pertinent part, directed Respondent to file and serve an Answer and Memorandum of Law within thirty days after service of the Petition. (ECF No. 3).

On June 14, 2023, Petitioner filed a motion (ECF No. 5) requesting "an evidentiary hearing or oral argument and assigned counsel in all respects." In support of this motion, Petitioner reviews much of the evidence that was introduced against him at trial and argues that it does not prove his guilt. Alternatively, Petitioner argues that his defense counsel was inept and that the trial court, prosecution, police and victim conspired to withhold evidence, create false evidence against him, and otherwise violate his rights.[1] Essentially, Petitioner asserts that since all or most of the evidence against him was

---

[1] *See, e.g.*, ECF No. 5 at p. 16 ("The Petitioner is accusing D.A. Ritts, Ontario County, Judge Reed, Lorge, Lapp, Eifert, Baldwin, Miller, Sheets, et. al., of participating in a conspiracy[.]").

fabricated, he needs "trained, serious assigned counsel" to prove that point and establish his "actual innocence."

On July 10, 2023, Respondent filed a motion for a stay of this action. (ECF No. 6). In support thereof, Respondent contends that Plaintiff is still litigating his claims in the New York State courts. In particular, Respondent contends that an appeal is pending before the New York State Supreme Court, Appellate Division Fourth Department, of an order of Ontario County Court which denied Petitioner's renewed motion to vacate his conviction. Respondent asserts that a stay of the Petition is necessary, since the pending state-court appeal involves issues that are central to the Petition. Respondent requests to have the action stayed and to have until sixty days after Petitioner's state-court proceedings are completed to file an Answer to the Petition. Alternatively, Respondent asks that if the Court is disinclined to grant the stay, that it grant Respondent an additional sixty days to answer the Petition.

On July 12, 2023, Petitioner filed a letter (ECF No. 7), which the Court interprets as acknowledging that his litigation in the New York State courts is ongoing. In particular, Petitioner indicates that he is still litigating a motion for leave to appeal pursuant to New York Criminal Procedure Law § 460.15, challenging the denial of his CPL § 440.10 motion.

Finally, on August 8, 2023, Respondent filed a letter motion (ECF No. 8) for an extension of time to answer the Petition. Respondent indicates that pursuant to the Court's scheduling order (ECF No. 3), the deadline for Respondent's Answer is August 28, 2023. Respondent contends, however, that Petitioner's state-court proceedings are still ongoing, and that this Court has not yet ruled on Respondent's earlier request for a

stay and/or an extension of time to file an Answer. Respondent asks for a sixty-day extension of the current deadline to file an answer, asserting that by then, "the state court should have completed its review."

Except as noted herein, Respondent has not submitted any opposition to Plaintiff's applications, nor has Petitioner submitted any opposition to Respondent's applications.

APPLICABLE LEGAL PRINCIPLES

Plaintiff's *Pro Se* Status

Plaintiff is proceeding *pro se*. Accordingly, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

There Is No Right to Assigned Counsel, and Petitioner's Requests For Appointment of Counsel and a Hearing are Premature

Petitioner indicates that because he is indigent, he is entitled to appointment of counsel in this Section 2254 habeas proceeding, pursuant to 18 U.S.C. § 3006A. However, Petitioner is mistaken. There is no statutory or constitutional right to assigned counsel in a Section 2254 habeas proceeding. *See, e.g., Williams v. Smith*, No. 20CV2167PMHLMS, 2020 WL 8620031, at *1 (S.D.N.Y. Sept. 24, 2020) ("[T]he federal habeas case currently before the Court is a civil action. In a civil action, the Sixth Amendment right to counsel does not apply. *See United States v. Vilar*, 979 F. Supp. 2d 443, 445-46 (S.D.N.Y. 2013) ("The Sixth Amendment, however, by its terms, is limited to 'criminal prosecutions' ... There is thus no Sixth Amendment right to counsel in civil cases.") (citing *Turner v. Rogers*, 564 U.S. 431, 441-42 (2011)); *cf. Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) ("[I]t is well settled in the Second Circuit and elsewhere that 'there is no constitutional right to representation by counsel in habeas corpus

proceedings.' "). [Additionally,] Title 18 U.S.C. § 3006A gives the Court the authority to appoint counsel for a financially eligible person seeking federal habeas relief, but it does not require that such an appointment be made. 18 U.S.C. § 3006A(a)(2) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... (B) is seeking relief under section 2241, 2254, or 2255 of title 28 [federal habeas corpus]") (emphasis added).") (footnote omitted).

Moreover, although the Court may appoint counsel in § 2254 cases, it generally does not do so. In any event, in the instant case, Petitioner's requests for appointment of counsel are presently premature. Counsel may be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c) of the Rules Governing Section 2254 Cases; 18 U.S.C. § 3006A(a)(2)(B). Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider the Respondent's answer to the Petition. Similarly, the Court cannot determine whether a hearing is necessary until after it reviews Respondent's Answer. Accordingly, Petitioner's requests for appointment of counsel and for a hearing are denied without prejudice as premature.

<u>The Court Will Grant Respondent's Unopposed Request for a Stay</u>

The parties agree that at least some of Petitioner's claims are unexhausted. "A district court confronted with a mixed petition can offer the petitioner the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims. A district court also may . . . deny a petition on

the merits even if it contains an unexhausted claim." *Pratt v. Greiner*, 306 F.3d 1190, 1196–97 (2d Cir. 2002). A district court may also stay a petition to allow the petitioner to exhaust his unexhausted claims in state court. *See, e.g., Grady v. Quiros*, No. 3:22-CV-597 (MPS), 2023 WL 362833, at *5 (D. Conn. Jan. 23, 2023) ("Under some circumstances, however, the district court may stay a mixed habeas petition to enable the petitioner to present his unexhausted claims to the state court and then return to federal court for review of all his claims. A stay should be utilized only in limited circumstances, where the petition contains both exhausted and unexhausted claims, the petitioner demonstrates good cause for failing to exhaust all claims before filing the federal petition, and the petitioner may be time-barred if the case is dismissed. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Before granting a stay, the district court must determine that 'the unexhausted claims are not plainly meritless, [that] the petitioner has good cause for failing to exhaust, and [that] the petitioner did not engage in abusive or dilatory litigation tactics.' *Woodard v. Chappius*, 631 F. App'x 65, 66 (2d Cir. 2016) (citing *Rhines*, 544 U.S. at 277-78).").

Here, Respondent has requested both that the Court stay the Petition while Petitioner exhausts his claims in state court, and that it extend Respondent's time to answer until sixty days thereafter. Petitioner has not opposed Respondent's request. Consequently, the Court will grant Respondent's requests.

CONCLUSION

For the reasons discussed above Plaintiff's applications for appointment of counsel and for a hearing (ECF Nos. 2 & 5) are denied without prejudice. Respondent's requests for a stay and for an extension of time to answer the Petition (ECF Nos. 6 & 8) are granted.

The action is stayed. Petitioner is directed to notify the Court in writing once his pending state court matter is completed. Respondent shall then file and serve an Answer and Memorandum of Law within sixty days after the filing of such notice. Petitioner shall then have thirty days to file a reply.

SO ORDERED.

Dated: Rochester, New York
August 15, 2023

ENTER:

CHARLES J. SIRAGUSA
United States District Judge